UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SAMUEL APPLEWHITE, | ) |
| Plaintiff, | ) |
| v. | ) 16-1035 |
| ANDREW TILDEN, *et al.* | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

Plaintiff is presently incarcerated at Pontiac Correctional Center ("Pontiac"). Plaintiff has named the following defendants: Defendant Tilden, the physician at Pontiac; Defendant Shicker, the medical director for the Illinois Department of Corrections; Defendant Pierce, Pontiac's warden; and Wexford Health Sources, the company contracted to provide medical services in the prison.

Plaintiff alleges that the defendants have failed to provide adequate medical care for a cyst on Plaintiff's testicle. According to Plaintiff, the defendants have acknowledged that the cyst exists, but have failed to treat it. Specifically, Plaintiff alleges that the Defendants have not screened the cyst for testicular cancer, a test Plaintiff alleges is medically necessary. Plaintiff alleges that this lack of care is caused by a cost-saving policy implemented by Wexford Health Sources.

## ANALYSIS

To implicate a violation of the Eighth Amendment for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm. *Mayoral v. Sheehan*, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

"An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012) (internal quotations omitted). In evaluating the seriousness of a medical condition, the court evaluates several factors: (1) whether failure to treat the condition would result in further significant injury or the unnecessary and wanton infliction of pain; (2) whether a reasonable doctor or patient would find the alleged injury worthy of comment or treatment; (3) the existence

of a medical condition that significantly affects daily activities; and, (4) the existence of any chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff provides little detail regarding the nature of his medical condition, other than to identify it as a cyst on his testicle. At this time, Plaintiff has not sufficiently alleged an objectively serious medical condition for purposes of an Eighth Amendment claim for inadequate medical care.

Furthermore, Plaintiff has not provided any information regarding the medical care he has received while at Pontiac. From Plaintiff's allegations that the Defendants are aware of his condition, the Court can reasonably infer that Plaintiff has at least some access to medical services. Where access to medical care is not an issue, the treatment provided by physicians is a matter of professional discretion with which the courts will not interfere unless the evidence suggests that "'no minimally competent professional would have so responded under those circumstances.'" *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008) (quoting *Collignon v. Milwaukee Cnty.*, 163 F.3d 982, 988 (7th Cir. 1998)). In other words, a medical professional is deliberately indifferent only if "the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* (quoting same).

A cancer screening is a diagnostic test. "[T]he decision to forego diagnostic tests is a classic example of a matter for medical judgment." *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014). Plaintiff has not alleged any facts to suggest that failure to order a cancer screening was outside the bounds of accepted medical judgment. In addition, Plaintiff has not disclosed the nature of the diagnosis he received, if any.

At best, Plaintiff has alleged that he disagrees with the treatment provided.  If this is the case, a mere disagreement with the course of treatment, standing alone, is not sufficient to attach constitutional liability.  *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).  Without more information regarding the medical treatment provided to Plaintiff or the diagnosis of his medical condition, the Court cannot determine whether an Eighth Amendment claim exists.  Therefore, Plaintiff will be granted leave to file an amended complaint.

## Plaintiff's Motion for Court Order

Plaintiff filed a motion seeking the Court to order that Pontiac officials provide him with "free electronic copies" of all documents filed with the Court.  The Court interprets this as a request for a preliminary injunction and temporary restraining order.

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."  *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997); *accord Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right").  To prevail, "the moving party must demonstrate: (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted."  *Foodcomm Int'l v Barry*, 328 F.3d 300, 303 (7th Cir. 2003) (citations omitted).  If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party.  *Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

Plaintiff has not shown how he will suffer irreparable harm if his motion is not granted, nor has he shown that he lacks an adequate remedy at law.  "A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals

with a matter presented in that underlying suit." *Howard v. Bartow*, No. 14-CV-237, 2014 WL 6819308, at *3 (E.D. Wis. Dec. 2, 2014) (collecting cases).  Plaintiff appears to be alleging a legal claim separate from those alleged in his complaint and therefore must exhaust his legal remedies pursuant to the Prisoner Litigation Reform Act.  Nothing in Plaintiff's allegations suggests that the grievance process at Pontiac is not available to him.

Finally, Plaintiff has not shown the relationship between the relief sought and his underlying claims.  Thus, injunctive relief would not be proper.  *See Johnson v. City of Rock Island, Ill.*, No. 11-CV-4058, 2012 WL 5425605, at *1 (C.D. Ill. November 6, 2012) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." (quoting *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994) (per curiam)).  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

**1)      Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff shall have 28 days from the entry of this order to file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this case, with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.**

**2)      Plaintiff's Motion for Court Order [7] is DENIED.**

**3)      Plaintiff's Motion for Status [8] is DENIED as moot.**

Entered this 19th day of April, 2016.

> *s/Joe B. McDade*
> JOE BILLY MCDADE
> UNITED STATES DISTRICT JUDGE