IN THE U.S. DISTRICT COURT,
CENTRAL DISTRICT OF ILLINOIS

APPLEWHITE,
      Plaintiff,
Vs                              No. 16-CV-01035
DR. TILDEN, et al,              Judge McDade
      Defendants.

PLAINTIFF'S MOTION & MEMORANDUM OF LAW
TO FIND AMENDED COMPLAINT SUFFICIENT

(Prepared By Inmate, Delbert Heard, B76789 f/Samuel Applewhite)

1) In <u>Hayes v Snyder</u>, 546 F.3d 516, HN [3] (7th Circuit 2008) the 7th Circuit held, <u>"Prisoner's testicular growths and cysts, painful urination and excruciating pain constituted a 'serious medical condition' for purpose of determining whether prison officials alleged deliberate indifference to condition violated prisoner's 8th Amendment right."</u> Accordingly in <u>Hayes</u> at HN [6], the 7th Circuit held, <u>"Evidence that prison physicians never prescribed prescription-strength pain killers, stopped providing even minimal pain treatment to prisoner, and rejected prisoner's request to see a specialist, was sufficient to establish</u>

1 of 3

that a reasonable trier of fact could infer that prison physician was deliberately indifferent to prisoner's serious medical need in violation of the 8th Amendment."

2) My 8th Amendment claims in my Amended Complaint against Dr. Shicker & Dr. Tilden regarding treatment for my testicular cysts are comparable to the Plaintiffs claims in Hayes, supra. Thus under Hayes I have stated a cause of action against Dr. Shicker & Dr. Tilden for deliberate indifference to my serious medical needs.

3) Accordingly my claims against Dr. Shicker & Dr. Tilden are more than a disagreement about course of treatment. See Jervis v Mitchell, 258 Fed. Appx. 3 (7th Cir. 2007) in which the 7th Circuit stated, "Jervis also alleges that Mitchell has blinded himself to these injuries by <u>refusing to adequately investigate & diagnose the source of his pain, and by denying his request to see an orthopedic specialist</u>. A factfinder could conclude that these allegations if true evidence more than a disagreement about course of treatment..."

4) Under Woodward v Correctional Medical Services, 368 F.3d 917, 918 (7th Cir. 2004) I have sufficiently stated an 8th Amendment claim against Wexford Health Sources Inc.

2 of 3

as I aver in my Amended Complaint that Wexford implemented practices among it's employees that are the cause of the deliberate indifference to my serious medical need.

5) Under <u>Gonzales v Feinerman</u>, 663 F.3d 311, HN [4] (7th Cir. 2011) Warden Guy Pierce is a proper defendant because in my Amended Complaint I seek injunctive relief in my suit against Pontiac Correctional Center physicians and Pierce being the Warden of Pontiac he will be responsible for ensuring that the injunctive relief is carried out. Also under <u>Arnett v Webster</u> 658 F.3d 742, 755-56 (7th Cir. 2011) Guy Pierce was also culpable for deliberate indifference to my serious medical needs by ignoring my complaints of inadequate medical care & failing to investigate my allegations. Both my claims against Pierce sufficiently state a cause of action under § 1983.

Conclusion/Relief Requested

For the foregoing reasons the Court should find that my Amended Complaint states a claim for relief against all defendants in all respects.

Respectfully Submitted
Samuel Applewhite #R01468
Samuel Applewhite - Plaintiff

3 of 3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

Samuel Applewhite )
Plaintiff )
)
)
vs. )Case No. 1:16-CV-01035-JBM
)
Dr. Andrew Tilden )
Dr. Lewis Shicker )
Warden Guy Pierce )
Wexford Health Sources Inc. )
Defendant(s) )

## Plaintiff AMENDED COMPLAINT

☑ 42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐ 28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☐ Other _____

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, Samuel Applewhite, and states as follows:

My current address is: Pontiac Correctional Center 700 W. Lincoln St Pontiac Ill 61764

The defendant Dr. Andrew Tilden, is employed as Medical Director of Pontiac Correctional Center at Employee of Wexford Health Sources

The defendant Dr. Lewis Shicker, is employed as Medical Director of Illinois Dept of Corrections at 100 W. Randolph St Suite 4-200 Chicago Ill 60601

The defendant <u>GUY PIERCE</u>, is employed as <u>WARDEN OF PONTIAC CORRECTIONAL CENTER</u> at <u>700 W. LINCOLN ST PONTIAC ILL 61764</u>

The defendant <u>WEXFORD HEALTH SOURCES</u>, is employed as <u>HEALTH CARE PROVIDER FOR PONTIAC CORRECTIONAL CENTER</u> at <u>425 Holiday Drive, Pittsburgh, PA 15220</u>

(revised 9/96)

The defendant _____, is employed as _____ at _____

Additional defendants and addresses _____

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

LITIGATION HISTORY

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe _____

B. Have you brought any other lawsuits in state or federal court while incarcerated?

Yes ☐   No ☒

C. If your answer to B is yes, how many? _____ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to previous lawsuit:

Plaintiff(s) _____

Defendant(s) _____

2. Court (if federal court, give name of district; if state court, give name of county)

3. Docket Number/Judge _____

_____

4. Basic claim made _____

_____

5. Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?)

_____

6. Approximate date of filing of lawsuit_____

7. Approximate date of disposition

_____

For additional cases, provide the above information in the same format on a separate page.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Is there a grievance procedure available at your institution?   Yes ☑   No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?   Yes ☑   No ☐   If your answer is no, explain why not

_____

_____

C. Is the grievance process completed?   Yes ☑   No ☐

PLEASE NOTE: THE PRISON LITIGATION REFORM ACT BARS ANY

INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES. PLEASE ATTACH COPIES OF MATERIALS RELATING TO YOUR GRIEVANCE.

1:16-cv-01035-JBM # 11 Page 7 of 13

## STATEMENT OF CLAIM

Place of the occurrence  PONTIAC CORRECTIONAL CENTER

Date of the occurrence  Continuous Injury

Witnesses to the occurrence  _____

State here briefly the FACTS that support your case.  Describe how EACH defendant is involved.
Do not give any legal arguments or cite cases or statutes.  Number each claim in a separate paragraph.
Unrelated claims should be raised in a separate civil action.
THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.

(PREPARED BY INMATE, DELBERT HEARD F/SAMUEL APPLEWHITE)

I. Defendants Dr. Lewis Shicker & Andrew Tilden

1) Dr. Lewis Shicker & Dr. Andrew Tilden in their individual capacities acting under the color of state law are continuously deliberately indifferent to my serious medical needs as follows;

2) Dr. Lewis Shicker is employed by IDOC as the Medical Director of IDOC. Dr. Andrew Tilden is employed by IDOC's Health Care Provider, Wexford Health Sources Inc., as the Medical Director of Pontiac Correctional Center. (Pontiac) While imprisoned at Pontiac I contracted 2 painful cyst/tumors (cyst) on my testicles. Even as a layman I'm aware from the saturation of media reports on cancer from various medical institutions, that testicular cancer is the most common cancer in males 35 and under and that painful cyst in the scrotum are symptoms of testicular cancer. I'm also aware that the medical field strongly urges people who experience cancer symptoms to get cancer testing for early detection as a basic & fundamental medical standard in the fight

against cancer.

3) Due to my pain and cancer concerns I made written request to Pontiac's Health Care Unit. I was seen by unknown Physician's Assistants (PA) who only examined me by hand and acknowledged that 2 small cyst were palpable in my scrotum. Irrespective of my complaints of pain & request to be referred to a UROLOGIST and/or an ONCOLOGIST (specialist) for testing for cancer & ████ treatment, the PAs did nothing more than acknowledge the existence of my cyst, stating that "Dr. Tilden will not approve [my] request."

4) As my cyst became larger & more painful I wrote Dr. Tilden & Dr. Shicker directly requesting treatment for my painful symptoms and to be referred to a specialist for cancer testing & ████ treatment. Dr. Tilden never responded to my correspondence. Dr. Shicker responded stating that he would 'only' direct Dr. Tilden to facilitate a testicular ultrasound. The ultrasound however did not determine whether or not my cyst are cancerous and it did not treat my pain. Per the ultrasound written findings, the ultrasound only ascertained that I do in fact have testicular cyst & I'm not malingering and that my cyst are located on my testicles & epidermal.

5) There was a 5 month delay between the ultrasound and my follow-up examination. During the delay coincidently my cyst grew larger, changed shape, and became more frequently painful. During my follow-up examination with Dr. Tilden he merely identified (diagnosed)

that I have 2 testicular cyst. Irrespective of my complaints of pain and the increase in the size of my cyst, Dr. Tilden failed to follow-up with any treatment options such as surgical removal of my cyst, medications, ice packs etc., and he refused my request to be referred to a specialist for ~~~~~~ treatment and cancer testing such as bloodwork, biopsy etc.

6) Dr. Tilden's deliberate failure to treat my pain and Dr. Shicker's failure to direct Dr. Tilden to provide an adequate course of treatment for my pain has caused me to suffer unnecessary and wanton infliction of chronic & substantial intermittent pain in my testicles that causes interruptions in my daily activities and sleep. The sleep interruptions are sometimes so frequent that I suffer substantial sleep deprivation leading to headaches and inattentiveness on my work assignment. The intermitted pain in my testicles is sometimes excruciating and sometimes occurs during urination and causes my testicles to retract which makes urinating painfully difficult. Along with the pain & sleep deprivation I also suffer the mental anguish of worrying whether or not my cyst are cancerous.

7) With testicular cancer being the most common cancer in males 35 & younger the consensus in the medical field is for testicular cyst to be examined by an urologist and/or oncologist and tested for cancer by bloodwork and/or biopsy etc. Under the circumstances no minimally competent

physician would respond to my condition of testicular cyst as Dr. Shicker & Dr. Tilden did with merely diagnosing my cyst without treating my pain & without testing them for cancer. Therefore, Dr. Shicker's and Dr. Tilden's decisions to refuse to treat my pain and refuse to refer me to a specialist is a substantial departure from accepted professional judgment practice & standards; and such behavior demonstrates that they did not base their decisions of my care on professional judgment.

II. Defendant Wexford Health Sources Inc.

8) Wexford Health Sources Inc. (Wexford) is the health care provider for Pontiac. Wexford is culpable under section 1983 for deliberate indifference to my serious medical needs in which in response to competitive market pressures and the incentive of maximum profit, it has implemented practices & customs among it's physician employees to provide cost-effective substandard medical care to prisoners by deliberately denying or suspending prescription medications, expensive specialized diagnostic testing, specialist referrals & surgical procedures. And such cost-cutting practices are the cause of the inadequate care that I received from Dr. Shicker and Dr. Tilden.

III. Defendant Warden Guy Pierce

9) Guy Pierce is the Warden of Pontiac. Although Pierce is not a physician he is a proper defendant in my suit because I seek injunctive relief against 2 physicians and if granted Pierce will be responsible for ensuring that the injunctive relief is carried out at Pontiac.

Also Pierce in his individual capacity while acting under the color of state law was deliberately indifferent to my serious medical needs as follows:

I filed an emergency grievance with Pierce. In my grievance I explicitly described my condition of testicular cyst, the pain they cause me to suffer, their increase in size, their potential for being cancer symptoms and Dr. Shickers & Dr. Tilden's refusal to treat my pain and refusal to refer me to a specialist for treatment & cancer testing. Pierce ignored all my concerns, failed to investigate my allegations, and merely responded stating that my grievance was not an emergency; allowing the physicians to continue to provide inadequate treatment for my pain and condition.

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

Damages, nominal, compensatory and punitive damages from all defendants. Injunctive relief ordering the defendants to facilitate cancer testing and acceptable professional medical treatment if cancer is found and otherwise acceptable professional medical treatment of my cyst including but not limited to surgical removal of the cyst if feasible

**JURY DEMAND**    Yes ☑    No ☐

Signed this 28 day of April, 19 2016.

*(Signature of Plaintiff)*

| Name of Plaintiff: | Inmate Identification Number: |
|---|---|
| Samuel Applewhite | R01468 |
| Address: | Telephone Number: |
| 700 W. Lincoln St Pontiac Ill 61764 | |