UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| SAMUEL APPLEWHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 16-1035 |
| ) | |
| ANDREW TILDEN, *et al.* ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need. In its Merit Review Order entered April 19, 2016, the Court dismissed Plaintiff's complaint and granted Plaintiff leave to file an amended complaint. (Doc. 10). Plaintiff complied. The matter is before the Court for screening of Plaintiff's proposed amended complaint. (Doc. 11).

### ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff alleges that he has two (2) painful cysts on his testicles. Because of the alleged pain associated with these cysts, Plaintiff alleges that he experiences trouble sleeping, headaches, lack of focus, and painful urination. Plaintiff alleges that the cysts have grown larger and changed shape as time has progressed.

Plaintiff alleges that he had an ultrasound performed on his testicles, but that no further diagnostic testing has been performed. Plaintiff also alleges that Defendant Tilden has denied Plaintiff's requests for referral to outside medical specialists, and that Defendant Shicker has done nothing except order Defendant Tilden to perform the aforementioned ultrasound.

Finally, Plaintiff alleges, without citation to reliable authority, that testicular cancer is the most common cancer in males age 35 and younger and that consensus in the medical field requires that additional diagnostic testing be performed on his cysts.

## ANALYSIS

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient. *McDonald v. Hardy*, -- F.3d --, 2016 WL 2641942, at *4 (7th Cir. 2016) (citing *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014), and *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). Rather, liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

The allegations that the pain Plaintiff allegedly experienced from the cysts affected his everyday activities and that medical staff performed an ultrasound is sufficient for the Court to infer that Plaintiff suffered from an objectively serious medical need. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's amended complaint, however, is lacking sufficient information for the Court to determine whether the defendants acted with deliberate indifference.

Plaintiff's allegations again support the conclusion that access to medical staff at the prison has not been denied. The gravamen of Plaintiff's complaint revolves around the Defendants' alleged failure to order additional diagnostic testing, refer Plaintiff to an outside

medical specialist, and to "treat his pain." With regard to this last allegation, Plaintiff does not elaborate as to whether the failure to treat his pain means he received no treatment at all, or whether he received some treatment, just not the type he wanted.

Moreover, Plaintiff has not provided sufficient factual allegations to suggest that the need for specialized medical treatment or additional testing was readily apparent, other than his unsupported contention regarding the consensus in the medical community. Without a showing that the need for outside medical treatment was necessary, the Court cannot draw the inference that a refusal to refer Plaintiff accordingly constitutes deliberate indifference. *See Pyles*, 771 F.3d at 412 ("*[I]f the need for specialized expertise either was known by the treating physicians or would have been obvious to a lay person*, then the 'obdurate refusal' to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition." (emphasis added)). At best, Plaintiff's allegations regarding the consensus in the medical community concerning the incidents of cancer among men in his age group, standing alone, are insufficient to state a constitutional claim for deliberate indifference.

Therefore, the Court finds that Plaintiff has failed to state a constitutional claim. As some ambiguity still exists that may be resolved if Plaintiff provides more information, Plaintiff is granted an additional 28 days to file an amended complaint.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File [11] is DENIED. Plaintiff is granted an additional 28 days to file an amended complaint. Failure to file an amended complaint will result in dismissal of this claim with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

2) **Plaintiff filed a Motion to Request Counsel [5]. The Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote,**

**503 F.3d 647, 654-55 (7th Cir. 2007), citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993). Plaintiff has shown that he made a reasonable attempt to secure counsel on his own. The Court, however, finds that Plaintiff is capable of representing himself at this time. Plaintiff has personal knowledge of the facts, his correspondence with the Court has been appropriate, and his claims are not overly complex at this point in the proceedings. Plaintiff's Motion [5] is DENIED with leave to renew.**

Entered this 13th day of June, 2016.

*s/Joe B. McDade*
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE