E-FILED
Thursday, 25 August, 2016  10:43:39 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| SAMUEL APPLEWHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-1035 |
| | ) | |
| ANDREW TILDEN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and presently incarcerated at Stateville Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need for events that allegedly occurred during his incarceration at Pontiac Correctional Center. In its Merit Review Order entered April 19, 2016, the Court dismissed Plaintiff's complaint and granted Plaintiff leave to file an amended complaint. (Doc. 10). Plaintiff filed an amended complaint. (Doc. 11). The Court again found Plaintiff failed to state a claim and granted Plaintiff an additional 30 days to file a second amended complaint. (Doc. 12). The matter is before the Court for screening of Plaintiff's second amended complaint. (Doc. 13).

### ALLEGATIONS IN PLAINTIFF'S SECOND AMENDED COMPLAINT

In his second amended complaint, Plaintiff alleges that he has two (2) painful cysts on his testicles and that Defendant Tilden, a physician, has refused to order diagnostic tests to rule out testicular cancer. Plaintiff also alleges that Defendant Tilden has denied Plaintiff's requests for referral to an outside medical specialist and has not prescribed any medications in spite of the "saturation of media reports on cancer from various medical institutions that testicular cancer is

the most common cancer in males [age] 35 and [younger]." Plaintiff supports this last contention with a printout from the Mayo Clinic.

Plaintiff alleges that an ultrasound was performed on his testicles, but he asserts that the test is inadequate for detecting testicular cancer.

## ANALYSIS

Plaintiff's main complaint is that the Defendants have failed to order diagnostic testing or take steps to rule out the possibility of testicular cancer. Plaintiff does not have a constitutional right to demand specific treatment. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). As the Court explained in its previous orders, the decisions to forgo diagnostic testing or engage specialists are actionable under the Eighth Amendment only if a plaintiff shows that a prison medical professional's actions were a substantial departure from accepted professional judgment, practice, or standards. *Pyles v. Fahim*, 771 F.3d 403, 411 (7th Cir. 2014); *Sain v. Wood*, 512 F.3d 886, 894-95 (7th Cir. 2008). Plaintiff's allegations are not sufficient.

While Plaintiff alleges that the cysts on his testicles were extremely painful, Plaintiff also alleges that "testicular cancer is often painless." Plaintiff provided a printout from the Mayo Clinic listing the symptoms of testicular cancer, (Doc. 13-1 at 10-11), but does not allege that he suffered from the majority of the symptoms listed. Finally, Plaintiff alleges that Defendant Tilden did not prescribe any medication or provide ice packs, but Plaintiff also alleged that he had received medical care from other medical staff at the prison. Defendant Tilden's alleged decision to not prescribe any medication could have arisen from a number of factors, including medication Plaintiff had already been prescribed by other medical staff at the jail. Plaintiff alluded to other treatment he received while at Pontiac, but did not provide much detail.

Plaintiff's allegations suggest only that Pontiac officials have failed to dispel his belief that he has testicular cancer, despite the fact that the symptoms he alleges are not consistent with the documentation he provided to the Court. On these allegations, the Court finds that Plaintiff has failed to sufficiently allege that the Defendants acted outside the bounds of accepted medical judgment or that the need for specialized treatment was readily apparent. Therefore, this case will be dismissed.

IT IS THEREFORE ORDERED:

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 25 day of August, 2016.

s/Joe Billy McDade
_____
JOE BILLY MCDADE
UNITED STATES DISTRICT JUDGE