043307/19344/JNR/KLM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| SAMUEL APPLEWHITE, <br><br> Plaintiff, <br><br> v. <br><br> DR. ANDREW TILDEN, et al., <br><br> Defendants. | Case Number 16-cv-1035 <br><br> Judge Joe Billy McDade |

### MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR SUMMARY FOR JUDGMENT FOR FAILURE TO EXHAUST

COME NOW the defendants, Dr. Andrew Tilden and Wexford Health Sources, Inc., by and through their counsel, Karen L. McNaught of CASSIDAY SCHADE LLP, and Guy Pierce, by and through his counsel, LISA MADIGAN, and pursuant to Federal Rule of Civil Procedure 56 and CDIL-LR 7.1(D), hereby submit their memorandum of law in support of the motion for summary judgment. In support thereof, the following statements are made.

### INTRODUCTION

Plaintiff, an inmate formerly incarcerated at Pontiac Correctional Center, filed a complaint pursuant to 42 U.S.C. §1983. *See* [Doc. 1]. Following merit review, the Court dismissed the case [Docs. 10; 17; 18], but on appeal, the case was reinstated [Doc. 39]. Plaintiff then filed a second amended complaint, claiming he has cysts in both of his testicles. *See* [Doc. 41]. Plaintiff admits in his second amended complaint he has had testing, but he disputes the analysis of his physician and demands to have further testing. [Doc. 41].

Plaintiff failed to properly exhaust his administrative remedies prior to filing suit.

Although plaintiff filed two grievances about his disagreement with various healthcare providers for the healthcare he received, he failed to timely seek review by the Administrative Review Board. Because plaintiff failed to exhaust his administrative remedies, summary judgment in favor of defendants, Dr. Andrew Tilden, Wexford Health Sources, Inc., and former Warden Guy Pierce, is appropriate.

**UNDISPUTED MATERIAL FACTS**

1. Patty Thull is a Chairperson for the Office of Inmate Issues at the Illinois Department of Corrections, which is also known as the Administrative Review Board ("ARB") at all times materially relevant herein. *See* Exhibit #1 (Declaration of Patty Thull).

2. A Chairperson of the Administrative Review Board reviews and responds to grievances filed by prison inmates confined at the various institutions of the Illinois Department of Corrections. *See*.

3. An inmate who is incarcerated within the Illinois Department of Corrections may file grievances in accordance with the rule for Grievance Procedures for Committed Persons; Rule 504F (20 Ill. Admin. Code §504.800, *et seq*.). *See* Exhibit #1.

4. In general, an inmate must first attempt to resolve a grievance through his or her counselor. *See* Exhibit #1.

5. An Illinois Department of Corrections form is available to an inmate for submitting his or her grievance. *See* Exhibit #1.

6. The grievance form contains an area for the counselor to respond. *See* Exhibit #1.

7. After a response is written by the counselor, the form is returned to the

inmate who wrote the grievance. *See* Exhibit #1.

8. If the grieved issue remains unresolved after the informal effort, the inmate may submit a written grievance to the facility Grievance Officer designated by the Chief Administrative Officer. *See* Exhibit #1.

9. The Chief Administrative Officer is usually the warden of the prison facility. *See* Exhibit #1.

10. The grievance officer may personally interview the inmate and/or other witnesses as deemed appropriate and obtain documents to determine the merits of the inmate's grievance. *See* Exhibit #1.

11. Upon completion of any investigation of the Grievance Officer, the conclusions and, if appropriate, recommended relief, is forwarded to the Chief Administrative Officer. *See* Exhibit #1.

12. The decision of the Chief Administrative Officer, or his or her designee, is then submitted to the inmate who filed the grievance. *See* Exhibit #1.

13. If, after receiving the decision of the Chief Administrative Officer or his or her designee, the inmate feels the issue is still unresolved, he or she may appeal in writing to the Director of the Illinois Department of Corrections by submitting the report of the Grievance Officer and the decision of the Chief Administrative Officer, or his or her designee. *See* Exhibit #1.

14. The Administrative Review Board, as the designee of the Director of the Illinois Department of Corrections, reviews the appeal and first determines whether the inmate's grievance can be handled without the necessity of a hearing. *See* Exhibit #1.

15. If the grievance can be handled without a hearing, the inmate is advised. *See* Exhibit #1.

16. Other matters are scheduled for an Administrative Review Board hearing, which may involve an interview of the grieving inmate, an examination of relevant documents, and at the discretion of the Administrative Review Board, questioning witnesses. *See* Exhibit #1.

17. The Administrative Review Board submits a written report of its findings and recommendations to the Director of the Illinois Department of Corrections or his or her designee, who then reviews the report and makes a final determination on the grievance. *See* Exhibit #1.

18. A copy of the Administrative Review Board report and the final decision of the Director are sent to the inmate who filed the grievance. *See* Exhibit #1.

19. The original documents are maintained in the files of the Administrative Review Board. *See* Exhibit #1.

20. Department Rule 504F: Grievance Procedures for Committed Persons (20 Ill. Admin. Code §504.800, *et seq*.) provides no further means for review beyond this step. *See* Exhibit #1.

21. If the inmate has not followed the appropriate procedures, (*e.g.*, has not first attempted to resolve the issue through his or her counselor or grievance officer), the original grievance is returned to him or her along with a form describing the procedural deficiency. *See* Exhibit #1.

22. Certain issues may be grieved directly to the Administrative Review Board, rather than first through a counselor or grievance officer.

23. These issues include: (a) decisions involving the involuntary administration and psychotropic medications; (b) decisions regarding protective custody placement, including continued placement in, or release from, protective custody; (c) decisions regarding disciplinary proceedings which were made at a facility other than the facility where the inmate is currently assigned; and (d) other issues, except personal property issues, which pertain to a facility other than the facility where the inmate is currently assigned. *See* Exhibit #1.

24. An inmate may request a grievance be handled on an emergency basis by forwarding the grievance directly to the Chief Administrative Officer, rather than to a counselor or grievance officer. *See* Exhibit #1.

25. If the Chief Administrative Officer determines there is a substantial risk of imminent personal injury or other serious or irreparable harm to the inmate, the grievance may be handled on an emergency basis. *See* Exhibit #1.

26. An inmate may appeal the decision of the Chief Administrative Officer on an emergency grievance to the Administrative Review Board. *See* Exhibit #1.

27. The Administrative Review Board maintains a file on each inmate who has submitted grievances to the Administrative Review Board. *See* Exhibit #1.

28. This file contains copies of any grievances submitted to the Administrative Review Board and any responses made. *See* Exhibit #1.

29. Only after the Director of the Illinois Department of Corrections makes a final determination with respect to the grievance is the administrative remedy of the inmate fully exhausted insofar as Department Rule 504F provides no further means for review beyond this step. *See* Exhibit #1; *see also* 20 Ill. Admin. Code §504.850(e).

30. The Administrative Review Board records regarding plaintiff, Illinois Department of Corrections Registration #R-01468, indicate Samuel Applewhite filed a total of three grievances originating from Pontiac Correctional Center (two dated November 19, 2014, and one dated November 8, 2015), in which he disagreed with the testing procedure for two lumps he claims to have in his testicles. *See* Exhibit ##1, 2, 3, 4.

31. Plaintiff marked each grievance as an emergencies. *See* Exhibit ##2, 3, 4.

32. On December 9, 2014, Warden Randy Pfister or his designee determined the November 19, 2014, grievances were not emergencies. *See* Exhibit ##1, 2, 3.

33. On November 13, 2015, Warden Guy Pierce or his designee determined the November 8, 2015 grievance was not an emergency. *See* Exhibit ##1, 4.

34. Plaintiff submitted his November 19, 2014, grievances to the Administrative Review Board on December 24, 2014, which returned the grievances on January 15, 2015, for failure to provide a copy of the grievance and the responses of the Grievance Officer and Chief Administrative Officer. *See* Exhibit ##1, 5.

35. Plaintiff did not resubmit the responsive information for the November 19, 2014, grievances to the Administrative Review Board. *See* Exhibit #1; Second Amended Complaint [Doc. 41].

36. Plaintiff submitted his November 8, 2015, grievance to the Administrative Review Board on November 23, 2015, which returned the grievance on December 10, 2015, for failure to provide a copy of the grievance and the responses of the Grievance Officer and Chief Administrative Officer. *See* Exhibit ##1, 6.

37. Plaintiff did not resubmit the responsive information for the November 8, 2015, grievance to the Administrative Review Board. *See* Exhibit #1; Second Amended Complaint [Doc. 41].

38. None of the grievances submitted by plaintiff for his disagreement with the medical determinations made by healthcare providers at Pontiac Correctional Center were exhausted through the administrative remedy procedures of the Illinois Department of Corrections. *See* Exhibit #1.

**ARGUMENT**

**A.    The Standard for Summary Judgment**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). In evaluating a motion for summary judgment, the Court must look beyond the pleadings and assess the proof to determine whether or not there is a genuine need for a trial. *Id*. The party seeking summary judgment bears the initial burden of proving there is no genuine issue of material fact may meet this burden without coming forward with affirmative evidence to negate the nonmoving party's claim, if it can show the nonmoving party has failed to establish the existence of an essential element on which the nonmoving party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party then must demonstrate by affidavit, depositions, answers to interrogatories, and admissions on file, there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324-25. In determining and evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the opposing party

and draws all justifiable inferences in his favor. A mere scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### B.     The Standard for Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides, *inter alia,* "No action shall be brought with respect to prison conditions under . . . 42 U.S.C. §1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See* 42 U.S.C. §1997e(a); *Pavey v. Conley*, 544 F.3d, 739, 740 (7th Cir. 2008). Exhaustion of administrative remedies is a mandatory pre-condition precedent to filing suit. *Ross v. Blake*, ___ U.S. ___, ___, 136 S. Ct. 1850, 1856 (2016); *Perez v. Wisconsin Dep't of Corrections*, 182 F. 3d 532, 535 (7th Cir. 1999); *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

A district court lacks discretion to resolve a claim on the merits, unless the inmate has exhausted all of his administrative remedies available to him. *Perez*, 182 F.3d at 535. Even if an inmate seeks only money damages, a remedy not available through the administrative process, he may not file suit until all administrative remedies are exhausted. *Booth v. Churner*, 532 U.S. 731, 734 (2001). Futility is not an exception or excuse to the exhaustion requirement. *Woodfird v. Ngo*, 548 U.S. 81, 85-86 (2006)(the exhaustion requirement is not satisfied by filing untimely or filing a defective grievance). The remedies available need not be "plain, speedy, and effective." *Porter v. Nussle* at 524.

To fulfill the exhaustion requirement, prisoners must follow the administrative steps established by the state. *Pozo v. McCaughtry*, 286 F. 3d 1022, 1025 (7th Cir.

2002). The exhaustion requirement of the Prison Litigation Reform Act is enforced "by dismissing a suit that begins too soon, even if the plaintiff exhausts his administrative remedies while the litigation is pending." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004); *see also*, *Pavey*, 544 F.3d at 742 (remedy for failure to exhaust is dismissal).

According to the grievance procedure in Illinois, a grievance must include the name of each person who is the subject of or who is otherwise involved in the complaint. *See* Ill. Admin. Code, tit. 20, §504.810. An offender in the custody of the Illinois Department of Corrections first must attempt to resolve the issue through his counselor. *Id.* If an informal resolution is not successful or the matter concerns a disciplinary proceeding, the offender may file a grievance at the institutional level addressed to the Grievance Officer within 60 days after discovery of the issue giving rise to the complaint. *Id*. The grievance shall be addressed to the Grievance Officer and must contain factual details, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. *See* Ill. Admin. Code, tit. 20, §504.810(b). The Grievance Officer shall review the grievance and report findings and recommendations in writing to the Chief Administrative Officer (Warden). *See* Ill. Admin. Code, tit. 20, § 504.830(d). The CAO will advise the offender of the decision. *Id*.

If the offender is still not satisfied with the outcome, he may then appeal to the Director within 30 days of the decision. *See* Ill. Admin. Code, tit. 20, §504.850. The Director determines whether a hearing before the Administrative Review Board (ARB) is required. If the grievance is without merit or a hearing is not necessary, the offender is notified. The ARB submits a report to the Director, who reviews the findings and makes

a final determination. *Id*. Until a final decision is issued by the ARB, the offender has not exhausted his administrative remedies.

### C. Plaintiff Failed to Exhaust Administrative Remedies Prior to Filing Suit

At all times materially relevant to the complaint, plaintiff was an inmate at Pontiac Correctional Center. In his complaint, brought pursuant to 42 U.S.C §1983, plaintiff alleges he has testicular pain from a lump in each appendage. As such, §1997e of the Prison Litigation Reform Act applies to this case. *See Witzke v. Femal*, 376 F. 3d 744, 751 (7th Cir. 2004)("complaints about medical treatment in prison are complaints about 'prison conditions'). Therefore, plaintiff must exhaust his administrative remedies prior to bringing suit.

In this case, plaintiff failed to timely appeal his grievances. Plaintiff filed three grievances about his medical care, two of which were combined. To-wit, plaintiff filed emergency grievances on November 19, 2014, which were combined. The grievances were responded to first by the warden or his designee, and it was determined the grievances were not emergencies. Plaintiff then sent the matters to the ARB, and the Chairperson reviewing the matter determined plaintiff had not provided the required documents. Plaintiff did not provide any additional information to the Chairperson of the ARB, as requested.

Similarly, plaintiff filed an emergency grievance on November 8, 2015. The grievance was responded to first by the warden or his designee, and it was determined the grievance was not an emergency. Plaintiff then sent the matter to the ARB, and the Chairperson reviewing the matter determined plaintiff had not provided the required

documents. Plaintiff did not provide any additional information to the Chairperson of the ARB, as requested.

Thus, plaintiff failed to comply with the requirements of the grievance process and has not exhausted his administrative remedies. Because plaintiff failed to perfect his grievances with the ARB in a timely manner, he has failed to exhaust his administrative remedies. As such, this court should grant summary judgment in favor of defendants, Dr. Andrew Tilden, Wexford Health Sources, Inc., and former Warden Guy Pierce, and against plaintiff.

## **CONCLUSION**

Exhaustion of administrative remedies is a condition precedent to filing suit under the Prison Litigation Reform Act. Plaintiff failed to satisfy this requirement prior to filing suit in federal court. Defendants are entitled to summary judgment.

WHEREFORE, for the above reasons, Dr. Andrew Tilden, Wexford Health Sources, Inc., and former Warden Guy Pierce, respectfully request this honorable Court to grant their motion for summary judgment.

Respectfully submitted,

| | |
|---|---|
| GUY PIERCE, | DR. ANDREW TILDEN and WEXFORD HEALTH SOURCES, INC., |
| Defendant, | Defendants, |
| LISA MADIGAN, Attorney General State of Illinois, | CASSIDAY SCHADE LLP, |
| Attorney for Defendant, | Attorneys for Defendants. |
| By: /s/ Jason J. Weigand | By: /s/ Karen L. McNaught |

| | |
|---|---|
| Jason J. Weigand, 6302117<br>Assistant Attorney General<br>100 W. Randolph Street<br>Chicago, IL  60601<br>(312) 814-3889<br>(312) 814-4425 (Fax)<br>jweigand@atg.state.il.us | Karen L. McNaught, #6200462<br>CASSIDAY SCHADE LLP<br>111 North Sixth Street, 2nd Floor<br>Springfield, IL 62701<br>(217) 572-1714<br>(217) 572-1613 (Fax)<br>kmcnaught@cassiday.com |

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify the statements set forth herein are true and correct and on July 13, 2018, I caused the foregoing Memorandum of Law in Support of Motion for Summary Judgment for Failure to Exhaust to be electronically filed with the Clerk of the Court using the CM/ECF system, which sends a "Notice of E-Filing" to:

>Jason J. Weigand
>Assistant Attorney General
>100 W. Randolph Street
>Chicago, IL 60601
>jweigand@atg.state.il.us

and I caused a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Summary Judgment for Failure to Exhaust to be served upon the following non-CM-ECF participant:

>Samuel Applewhite (R01468)
>Pinckneyville Correctional Center
>5835 State Route 154
>Pinckneyville IL 62274

by having it placed in the United States mail, postage prepaid form Springfield, Illinois, on July 13, 2018.

>/s/ Karen L. McNaught
>Karen L. McNaught

Karen L. McNaught, #6200462
CASSIDAY SCHADE LLP
111 North Sixth Street, 2nd Floor
Springfield, IL 62701
(217) 572-1714
(217) 572-1613 (Fax)
kmcnaught@cassiday.com

8890773 KMCNAUGH;KMCNAUGH